AO 91 (Rev. 11/11) Criminal Complaint

AUSA: Andrew Picek Telephone: 313-226-9100
Task Force Officer: Edward Viverette, II Telephone: 248-752-7943

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| United States of America | |
|---|---|
| v. | Case: 2:20-mj-30428 |
| Kyle Caline Floyd | Assigned To : Unassigned |
| | Assign. Date : 10/15/2020 |
| | Description: RE: SEALED MATTER (EOB) |

Case No.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 21, 2020 in the county of Wayne in the Eastern District of Michigan, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C § 922 (g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts: See attached affidavit

☐ Continued on the attached sheet.

_____
Complainant's signature

Edward Viverette, II, TFO, ATF
Printed name and title

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: October 15, 2020

_____
Judge's signature

City and state: Detroit, Michigan

Hon. David R. Grand, United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Edward Viverette II, being first duly sworn, hereby depose and state as follows:

1. I am a Police Officer with Wayne State University Police Department, and have been since August of 2014. I am currently a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been since February of 2020. I have graduated from the Oakland Police Academy. I have a Bachelor of Science degree in Criminal Justice from Oakland University.

2. During my time at Wayne State University Police Department, I worked uniform patrol for approximately two years enforcing traffic, local, and state laws. I also worked in the special operations division as a plain-clothes officer for approximately four years, assisting various federal, state, and local agencies. During this time, I conducted numerous investigations into state, local, and federal firearms and narcotics violations. During my assignment with the ATF, I have participated in several criminal investigations focused on firearms and armed drug trafficking violations.

3. I have utilized a variety of investigative techniques and resources, including, but not limited to, physical and electronic surveillance, undercover work, informants and cooperating sources. Through these investigations, my training and experience, and conversations with other agents and law enforcement personnel, I have become familiar not only with firearms violations, but with the methods people employ in drug trafficking. These methods include smuggling and safeguarding controlled substances, distributing controlled substances, and collecting, laundering, hiding, disguising, or concealing related proceeds. This information, in conjunction with my training and experience, has been useful and relevant to this investigation.

4. The statements contained in this affidavit are based, in part, on my review of written reports by Detroit Police Officers. This affidavit also includes information provided to me by and/or through other law enforcement agents, investigators and individuals with knowledge of this matter, my investigation, and the review of documents. This affidavit summarizes such information but does not provide each and every detail I know regarding this investigation; rather it provides information necessary to establish probable cause that Kyle FLOYD, B/M, (XX/XX/1996) has violated Title 18, United States Code, Section 922(g)(1), felon in possession of a firearm.

5. On September 21, 2020, at approximately 9:36 p.m., Detroit Police Department officers Hogan and Smith arrived at a liquor store located at 2867 E 7 mile Road in Detroit, in the Eastern District of Michigan. While at the location the officers observed FLOYD walking towards the exit. The officers saw the end of an extended magazine to a firearm sticking out of the front pocket of his hooded sweatshirt. Officers approached FLOYD and asked if he possessed a valid CPL. FLOYD stated he did not have a valid CPL. One of the officers then reached into the front pocket of FLOYD's hooded sweatshirt and removed, a loaded Smith & Wesson, SD, .40 caliber pistol, serial number FCE5985, with the extended magazine inserted.

6. On October 14, 2020, I reviewed DPD in car video of FLOYD being transported to Detroit Detention Center. During the recording, FLOYD, while handcuffed and in the backseat of the marked police car, utilized a cellular phone and explains he had his gun for protection and that he completed two years in prison.

7. A review of the criminal history of Kyle FLOYD reveals the following felony convictions:

2019: Financial transaction device – stealing/retaining without consent

2014: Felony home invasion, first degree

3

7. An NCIC query was conducted and results revealed the firearm was not registered to FLOYD.

8. On October 14, 2020, I consulted firearms interstate nexus expert ATF Special Agent Michael Jacobs about the above-mentioned Smith and Wesson, model SD, .40 caliber, pistol bearing serial number FCE5985. Special Agent Jacobs verbally advised the Smith and Wesson firearm was manufactured outside the State of Michigan and is a firearm as defined in Title 18 U.S.C., Chapter 44, Section 921(a)(3). Therefore, the firearm has traveled in interstate commerce to reach the State of Michigan.

9. Based upon the above information, probable cause exists to believe Kyle FLOYD, a convicted felon, was in possession of the above-described firearm, said firearm having traveled in interstate commerce, in violation of Title 18 U.S.C., Section 922 (g)(1).

Respectfully submitted,

_____
Edward Viverette II
Task Force Officer, Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me and signed in my presence and/or by reliable electronic means.

_____
HON. DAVID R. GRAND
United States Magistrate Judge
Dated:

4